UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:06-M-109 M |
| | : | |
| PEDRO WILSON HERNANDEZ-CASTILLO | : | |

**ORDER**
**OF DETENTION**
**WITH PROVISO FOR FURTHER REVIEW**

On Friday, October 27, 2006, Defendant Pedro Wilson Hernandez-Castillo ("Defendant") appeared for an initial appearance in the above entitled matter. During the course of the proceeding, Defendant collapsed, and the court declared a recess.

When the initial appearance resumed on Monday, October 30, 2006, Defendant's counsel reported that Defendant had been transported to the hospital and kept overnight. She stated that Defendant suffers from serious medical conditions, diabetes and high blood pressure, which require medication. Defendant's counsel indicated that since Defendant has been incarcerated he has not received his high blood pressure medication and that, although he had received insulin shots, his blood sugar levels on October 27 and October 30 were much higher than normal. She cited Defendant's medical needs as among the factors weighing in favor of release on low surety bail.

Notwithstanding this argument, the Court ordered Defendant detained. While the Court did not believe that Defendant's release posed a danger to the community or to any person, the Court found that there was no condition or combination of conditions which could be set which would reasonably assure Defendant's appearance for future court proceedings. In reaching the latter conclusion, the Court relied primarily on the

following factors which weighed heavily against release: the nature of the charge; the strength of the evidence against Defendant; the fact that Defendant faces the prospect, if convicted, of a period of incarceration followed by deportation; the fact that Defendant has no ties to the District of Rhode Island; the fact that he may not lawfully work in the United States; Defendant's use of multiple aliases, indicating an attempt to avoid apprehension; and the existence of two outstanding 1996 warrants from New York for serious drug offenses.

**Regarding Defendant's diabetes and high blood pressure, the Court directed the U.S. Marshals to notify the authorities at the facility where Defendant is detained to ensure that he receives whatever treatment is necessary for his medical needs, including, if required, medication for high blood pressure.** The Court directed Defendant's counsel to advise the Clerk and counsel for the Government on November 2, 2006, whether Defendant contended, as of that date, that his medical needs were not being meet and whether for that reason the Court should reconsider this order of detention. If Defendant so contends, the Court will schedule a hearing to reconsider the question of Defendant's continued detention without bail. Such hearing shall take place on Friday, November 3, 2006, or as soon thereafter as the Court is available to hear the matter.[1] The Government shall be prepared to respond to such contention.

Accordingly, Defendant is ordered detained in the custody of the Attorney General of the United States or his representative

---

[1] At the October 30, 2006, hearing the Court indicated that the hearing would be held on either Friday, November 3, 2006, or Monday, November 6, 2006. However, the Court subsequently realized that the hearing could not be held November 6-7, 2006, due to previous commitments.

pending further proceedings in this matter.

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
October 30, 2006

BY ORDER:

Deputy Clerk