UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 06-123-01T |
| | ) | |
| PEDRO HERNANDEZ-CASTILLO | ) | |

DEFENDANT'S OBJECTION TO PRESENTENCE REPORT

______Now comes Pedero Hernandez-Castillo, the Defendant in the above captioned matter, and makes the following objection to the presentence report.

Objection and Argument

The presentence report lists all of Mr. Hernandez-Castillo's contacts with the criminal justice system, including cases that have been dismissed or for which there is no disposition. The report also recites the alleged facts in several of those incidents. Mr. Hernandez-Castillo objects to the inclusion of those allegations in the presentence report and any use of those facts by the Court in sentencing. In Part B of the presentence report, the probation department has included factual allegations from Mr. Hernandez-Castillo's contacts with the criminal justice system as part of the computation of his criminal history category pursuant to §4A of the sentencing guidelines. Those rules focus on convictions and sentences when counting points toward the criminal history category. The alleged facts behind those convictions have no bearing whatsoever on the computation and are not mentioned anywhere in that guideline section as part of the sentencing determination. Similarly, cases where Mr. Hernandez-Castillo has not been convicted have no bearing on his criminal history category.

The case law does not allow a court to consider the underlying facts of a prior conviction

when assessing whether a defendant qualifies as either an armed career criminal under 18 U.S.C. §924(e), or a career offender under U.S.S.G. §4B1.1. *See Shepard v. United States,* 544 U.S.13, 26 (2005); *Taylor v. United States,* 495 U.S. 575, 602 (1990). A court may only consider the statutory language of the charge, the indictment or information, the jury instructions, any plea agreement, and any plea colloquy. *Shepard,* 544 U.S. at 26. The Supreme Court reasoned that looking at the factual allegations that gave rise to prior convictions would result in an overwhelming fact finding process and re-litigation of closed cases, a potential violation of defendants' Sixth Amendment jury trial rights. *Taylor* at 601-02. Additionally, the Court noted that 18 U.S.C.§924(e) and U.S.S.G. §4B1.1 specifically refer to convictions, not conduct. *Id.* Like those rules, U.S.S.G. §4A refers only to convictions (and sentences). It does not incorporate the underlying allegations of those criminal contacts. Similarly, there is absolutely no reason to include allegations from police reports in cases that are either pending or have been dismissed.

The Supreme Court's logic in imposing the categorical approach outlined in *Taylor* and *Shepard* should apply to this Court's consideration and use of those allegations in this presentence report, even when there is no issue of an armed career criminal or career offender designation. The same error and potential harm exist. U.S.S.G. §4A does not include factual allegations in the criminal history computation. Use of those allegations included in the presentence report by the Court invites relitigation of old cases and potentially violates Mr. Hernandez-Castillo's Sixth Amendment rights.

The defendant respectfully requests that this court sustain his objection and excise this information from the presentence report.

Respectfully submitted
PEDRO HERNANDEZ-CASTILLO
By his attorney,

/s/ Mary S. McElroy
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281 (401) 528-4285 Fax
Mary_McElroy@fd.org

**CERTIFICATION**

I hereby certify that I electronically filed and served a copy of the within on Zechariah Chafee, AUSA and Heather McLoughlin, USPO on the 2nd day of March, 2007.

/s/ Mary S. McElroy