**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **VS.** | ) | **CR006-123-01T** |
| | ) | |
| **PEDRO HERNANDEZ-CASTILLO** | ) | |

---

## DEFENDANT'S SENTENCING MEMORANDUM

## INTRODUCTION

Through counsel, Pedro Hernandez Castillo files the following Sentencing Memorandum setting forth the factors the Court should consider in determining the sentence that is "sufficient but no greater than necessary" to comply with the statutory directives set forth in 18 U.S.C. §3553(a). This Memorandum is submitted in support of Mr. Hernandez Castillo's motion for sentencing consideration advocating a sentence outside of the advisory guideline range. Hernandez Castillo respectfully requests that this court sentence him to a term of twelve (12) months and one (1) day of imprisonment followed by a term of two (2) years of supervised release.

## BACKGROUND

Mr. Hernandez Castillo was arrested on October 15, 2006 by members of the Rhode Island State police . He was taken into custody and placed at the Adult Correctional Institution. The following day he was transferred to immigration custody.

On October 25, 2006 a complaint was filed in United States District Court charging Mr. Hernandez Castillo with illegal reentry after deportation in violation of 8 U.S.C. §1326(a) and (b)(2). Mr. Hernandez Castillo's initial appearance was begun on October 27, 2006. Because of

his ongoing medical problems, Mr Hernandez Castillo became ill during that proceeding. He was taken by ambulance to Rhode Island Hospital. His initial appearance was continued on October 30,2006 and Mr. Hernandez Castillo was held without bail. On January 5, 2007 Mr. Hernandez Castillo appeared before the Honorable Ernest C. Torres, Senior U.S. District Judge and pled guilty to the one-count Indictment. Sentencing is set for March 23, 2007.

**SENTENCING CONSIDERATIONS**

In determining the appropriate sentence for a criminal defendant the court is bound to consider the sentencing factors set forth in 18 U.S.C. §3553(a). The statute, §3553(a), requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the need to avoid unwarranted sentencing disparity, the need to provide restitution, and the suggested guideline range. 18 U.S.C. §3553(a)(1), (a)(3)-(7). After taking all of those factors into account the court must impose a sentence that is "sufficient, but not greater than necessary" to achieve the goals and purposes of sentencing. 18 U.S.C. §3553(a)[1]. This provision, the "parsimony provision", is the umbrella under which all other sentencing factors and considerations fall. It represents the ultimate goal of sentencing and reflects the maximum sentence that a court may impose

---

[1]The purposes of sentencing are set forth in 18 U.S.C. §3553 (a)(2), that statute provides that the court must consider;

> the need for the sentence imposed-
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> © to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

regardless of what is recommended by the advisory guidelines. *United States v. Denardi*, 892 F.2d 269, 276-77 (3rd Cir. 1989) (Becker, J., concurring in part, dissenting in part).

The United States Supreme Court decision in *U.S. v. Booker*, 543 U.S. 220 (2005) rendered the Federal Sentencing Guidelines advisory rather than mandatory. Instead of being bound by the Sentencing Guidelines, *Booker* now "requires a court to consider Guideline ranges, . . . but permits the court to tailor the sentence in light of other statutory concerns as well" *Id* at 245-246. Although no longer mandatory, the Federal Sentencing Guidelines are still a factor that the court must consider in making the ultimate determination of the appropriate sentence to impose in any criminal case.

The post *Booker* sentencing process mandated by the first Circuit requires the district court Judge to first consult the guidelines, calculate the appropriate range, and to then decide whether or not to exercise discretion and sentence outside of the guideline range. *United States v. Jimenez-Beltre, 440 F.3d 514, 518-519 (1st Cir. 2006); United States v. Thurston, 456 F.3d 211, 215 (1st Cir. 2006).*

The defendant respectfully requests that this Honorable Court impose a sentence below the advisory guideline range.

**PERSONAL HISTORY**

REDACTED

**MEDICAL ISSUES**

REDACTED

**CRIMINAL HISTORY**

Mr. Hernandez-Castillo's criminal history is not significant in that it neither shows him to be a danger to the community nor a candidate for recidivism. Mr. Hernandez-Castillo has an

eleven year old conviction for an attempted possession of a controlled substance. He served a sentence and was ultimately deported. He also has an eleven year old case for possession of a controlled substance for which he was never sentenced. Mr. Hernandez-Castillo reports that when he was held in United States custody prior to his deportation in 1999, the prosecuting authority in New York declined to come to Massachusetts to bring him to New York for sentencing on that case. His criminal history also reflects a conviction in 1998 for making a false statement in application for a United States passport. It is important to note that since his return to the United States in 2003 his only contact with the law has been operating a motor vehicle without a valid license for which he received a sentence of 30 days probation.

Mr. Hernandez-Castillo did not return to the United States and resume criminal activity. He found a job, worked, and supported both himself and his child. His conduct since his return clearly shows that he has rehabilitated himself.

**NATURE AND CIRCUMSTANCES OF THE CHARGE**

18 U.S.C. §3553(a) directs sentencing courts to consider several factors when determining the appropriate sentence for a criminal defendant. The court must consider; "the need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Mr. Hernandez Castillo was arrested for a traffic violation and taken into immigration custody. He has pled guilty to, and accepted responsibility for, his illegal reentry into the United States. Although his motivation for reentering the United States cannot excuse his criminal action, it is something the court can consider in deciding the appropriate sentence for Mr. Hernandez-Castillo.

Mr. Hernandez-Castillo reentered the United States in order to help to provide for his daughter. As a parent he was, of course, upset to learn that his child was without food and

clothing. Ms. Rodriguez's refusal to accept money from him unless he returned to the United States placed him in a virtually impossible position. After his return to the United States Mr. Hernandez-Castillo cared for his child and led an otherwise law abiding life. Because of the nature of the charge, and the type of life Mr. Hernandez-Castillo lived after his illegal reentry into this country, a sentence of twelve months and one day of incarceration is sufficient to comport with the requirements of 18 U.S.C, §3553 (a)(2)(A).

**DETERRENCE**

The other important factors that the court must consider in determining an appropriate sentence for Mr. Hernandez are deterrence of future criminal activity both by this defendant and by others and the need to provide for his educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553. A sentence of twelve months in federal prison for simply coming to the United States to support his child would have the desired deterrent effect on Mr. Hernandez-Castillo and on others in his situation who are made aware of his sentence. No additional deterrent effect would be realized by sentencing him to a longer sentence.

It is important to note that the charge for which Mr. Hernandez-Castillo was deported happened more than ten years ago. Certainly the court should consider the law abiding nature of his life in the United States since his return in 2003.

**THE MINIMALLY-SUFFICIENT SENTENCE**

The parsimony provision of 18 U.S.C. §3553(a) imposes a statutory cap on sentences. This is true regardless of the sentence recommended under the sentencing guidelines. The sentence cannot be greater than necessary to achieve the purposes of punishment. 18 U.S.C. §3553(a)(1). Mr. Hernandez-Castillo requests the Court to consider a sentence below the advisory guideline range. The proposed sentence of twelve (12) months and one (1) day to serve

followed by a period of supervised release well achieves the goals of deterrence, incapacitation and respect for the law, and Mr. Hernandez-Castillo is not in need of rehabilitative services. A more severe sentence in this case would not achieve greater justice, deterrence, incapacitation, or rehabilitation.

Respectfully submitted
**PEDRO HERNANDEZ-CASTILLO**
By his attorney,

/s/ Mary S. McElroy
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281 (401) 528-4285 Fax
Mary_McElroy@fd.org

**CERTIFICATION**

I hereby certify that I electronically filed and served a copy of the within on Zechariah Chafee, AUSA and Heather McLoughlin, USPO on the 16th day of March 2007.

/s/ Mary S. McElroy