UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-123-01T |
| | ) | |
| PEDRO HERNANDEZ-CASTILLO | ) | |

SUPPLEMENTAL OBJECTION TO PRESENTENCE REPORT

Now comes Pedro Hernandez-Castillo, the Defendant in the above captioned matter, and objects to the calculations of his offense level contained in the presentence report ("PSR").

The PSR sets Mr. Hernandez-Castillo's offense level for guideline purposes at seventeen (17). The PSR calculates a base offense level of eight (8) under section 2L1.2 of the guidelines. That section sets out the guidelines for "Unlawfully Entering or Remaining in the United States." The PSR then increases his offense level by twelve (12) levels under guideline section 2L1.2(b)(1)(B) for previous deportation after a conviction for a felony drug trafficking offense with a resulting sentence of thirteen months or less of incarceration. Mr. Hernandez-Castillo was then afforded a three (3) level deduction for acceptance of responsibility. His resulting offense level, according to the PSR, is seventeen (17).

Mr. Hernandez-Castillo objects to the twelve level increase in his offense level under guideline section 2L1.2(b)(1)(B). The alleged fact of prior conviction is unconstitutional on its face and as applied in this case. The application of this alleged fact to increase Mr. Hernandez-Castillo's guideline sentence violates his rights under the Fifth and Sixth Amendments of the United States Constitution. The validity of this statutory enhancement depends on the continued viability of Almendarez-Torres v. United States, 523 U.S. 224 (1998).

A majority of the United States Supreme Court now recognizes that the rule announced in Almendarez-Torres, Id., namely that prior convictions for aggravated felonies must not be alleged in an indictment and proved beyond a reasonable doubt, is no longer viable. *See* Shepard v. United

States, 125 S.Ct. 1254, 1264 (Thomas, J., concurring). In his concurring opinion in the Shepard case, Justice Thomas opined that the Sixth Amendment ruling of Apprendi v. New Jersey, 530 U.S. 466 (2000), barring increases in the sentencing range based on judge-found facts not proven to the jury beyond a reasonable doubt or admitted by the defendant, should apply equally to facts of prior conviction. Shepard, at 1263.

In the present case, Mr. Hernandez-Castillo has never admitted the alleged prior conviction and it has not been proven to a jury. Application of the recidivist enhancement, therefore, would be unconstitutional. Should the court sentence Mr. Hernandez-Castillo without application of the twelve level enhancement, his base offense level would be eight and he would be allowed a two level decrease for acceptance of responsibility. Accordingly his adjusted offense level would be six. With a total offense level of six and a criminal history level two, Mr. Hernandez-Castillo's advisory guideline range would be one to seven months.

Respectfully submitted
Pedro Hernandez-Castillo
By his attorney,

/s/ Mary S. McElroy, 4830
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
mary_mcelroy@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Heather McLoughlin, United States Probation, and Zechariah Chafee, Assistant United States Attorney, on March 22, 2007.

/s/ Mary S. McElroy